**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26-CV-00104-JHM**

**TIMMATHY MOORE** **PLAINTIFF**

**v.**

**CHAD FALSTR, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I.**

Plaintiff Timmathy Moore, a convicted prisoner, initiated this action asserting claims against Defendants Kentucky State Penitentiary ("KSP") Mailroom Assistant Chad Falstr, KSP Mailroom Supervisor Mrs. Knoth, KSP Nurse Provider Amendae, KSP Warden Laura Plappert, and KSP Unit Administrator Ms. Goodfthrey in their individual and official capacities. [DN 1]. Over the last year, Plaintiff has filed multiple civil-rights actions against administration and staff at KSP for reading and tampering with his legal mail in violation of the First Amendment to the United States Constitution, for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and for failing to properly adjudicate his grievances.

In the current complaint, Plaintiff asserts duplicative claims against Defendants Falstr, Knoth, Amendae, and Plappert in their individual and official capacities. In his statement of claims, Plaintiff also references multiple KSP staff that he has previously sued over the past year.

With respect to Ms. Goodfthrey, Plaintiff alleges that she informed him that he could not file a theft report or a lost property report.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Unit Administrator Ms. Goodfthrey**

Plaintiff alleges that Defendant Goodfthrey informed him that he could not file a theft report or a lost property report regarding his missing legal papers, "cto slips," and three or four books. The Court interprets this claim as a First Amendment access-to-the-courts claim.

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d 228, 233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the

inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). *See also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019).

Plaintiff alleges no actual injury to his civil-rights actions. He does not explain why he cannot pursue his pending civil-rights cases or show how the lost property prejudices any pending or contemplated direct appeal, habeas corpus application, or nonfrivolous civil rights claim. *See Clark v. Corrs. Corp. of Am.*, 113 F. App'x 65, 67–68 (6th Cir. 2004) (finding First Amendment claim failed because, although legal materials went missing, prisoner did not allege interference with a non-frivolous claim challenging his conviction); *Fort v. Weirich*, No. 3:24-CV-1644, 2026 WL 864205, at *8 (N.D. Ohio Mar. 30, 2026).

For these reasons, the Court will dismiss Plaintiff's individual capacity claim against Defendant Goodfthrey for failure to state a claim upon which relief may be granted.

**B. Remaining Defendants**

"A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action." *Mays v. Ortiz*, No. 1:26-CV-1101, 2026 WL 1194569, at *2 (W.D. Mich. May 1, 2026) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). The present complaint makes the exact same claims against Defendants Falstr, Knoth, Amendae, Plappert, and the Commonwealth of Kentucky[1] as the complaints in Civil Action No. 5:26-CV-1-JHM (Plappert, Knoth, Commonwealth), Civil Action No. 5:25-CV-174-JHM (Plappert, Commonwealth), and Civil Action No. 5:26-CV-29-JHM

[1] "[O]fficial capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff sues Defendants in their official capacities. The warden and correctional officers are state employees or officials. Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166.

(Falstr, Plappert, Knoth, Amendae, Commonwealth). The complaint in the present case does not add any additional information or aid in the disposition of those claims in the previous cases. Therefore, pursuant to § 1915A(b)(1), the Court will dismiss these claims on the grounds that they are duplicative and, therefore, frivolous.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: August 27, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014